UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-26093-ALTMAN

EMILIO POLO NOEL,

     *Petitioner*,

v.

KELEI WALKER, *et al.*,

     *Respondents*.

_____/

## <u>ORDER</u>

Emilio Polo Noel's Amended Petition for Writ of Habeas Corpus (the "Petition") [ECF No. 4] presents a question of statutory interpretation that has divided judges across the country: Is an alien who's living in the United States without having been lawfully admitted subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), or is he entitled to a bond hearing under 8 U.S.C. § 1226(a)? After a careful review of the Petition, the Government's Response ("Response") [ECF No. 7], and the Petitioner's Reply ("Reply") [ECF No. 8], we **DENY** the Petition.

### BACKGROUND

Our Petitioner, Emilio Polo Noel, is a citizen of the Dominican Republic who's been charged with entering the United States without admission or inspection. *See* Response at 2. "On or around October 24, 2025, [the] Petitioner was detained by immigration authorities in Puerto Rico." Petition ¶ 23. "He was transferred to Florida Soft Side South and ultimately Krome North Service Processing Center in Miami, Florida, where he is currently detained." *Ibid.* "On December 10, 2025, an Immigration Judge denied his request for bond because the Immigration Judge found he had 'no jurisdiction' to hear bond requests or grant bond to aliens present in the United States without admission and in removal proceedings[.]" *Id.* ¶ 28.

The Petitioner now seeks habeas relief in our Court, arguing that the Respondents have misinterpreted the detention provisions of the Immigration and Nationality Act ("INA"). The Petitioner asks us to order the Respondents: (1) "not [to] transfer [the] Petitioner outside of the jurisdiction of the U.S. District Court for the Southern District of Florida during the pendency of this petition; and (2) to "provide [the] Petitioner with a prompt and constitutionally adequate bond hearing[.]" *Id.* at Prayer for Relief. The Petitioner also argues that the "Petitioner has never been found to be a danger or flight risk, and because [the] Respondents have provided no special justification for continued incarceration, his detention is not reasonably related to its purpose and thereby violates his due process rights." *Id.* ¶ 53.

## THE LAW

Section 2241 allows district courts to grant relief to petitioners who are held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This jurisdiction extends to petitioners challenging their detention under our immigration laws. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## ANALYSIS

### I. The Petitioner's Detention is Governed by 8 U.S.C. § 1225

The Petitioner argues that "[h]is detention under § 1225(b)(2) is unlawful" because he "has lived in the United States for nearly a decade and was apprehended well inside the country[.]" Petition ¶ 38. As he sees it, he "is therefore not properly classified as an 'arriving alien.'" *Ibid.* Section 1225 governs the inspection and removal of a specific subset of aliens—"applicants for admission." 8 U.S.C. § 1225(a). Subsection (a)(1) defines "applicant[s] for admission" as "alien[s] present in the United States who [have] not been admitted *or* who arrive[ ] in the United States[.]" § 1225(a)(1) (emphasis added). An alien hasn't been "admitted" to the United States until he's obtained "lawful entry . . . into the United States after inspection and authorization by an immigration officer." § 1101(a)(13)(A). An

2

applicant for admission who isn't "clearly and beyond a doubt entitled to be admitted" to the United States "shall be detained" for removal proceedings. § 1225(b)(2)(A).

The Petitioner contends that he's not an "applicant for admission" subject to mandatory detention under § 1225. *See* § 1225(a)(1). In the Petitioner's view, his detention is governed by § 1226, under which aliens are generally entitled to a bond hearing at the outset of their detention, because § 1226 applies "to noncitizens apprehended inside the United States who were not seeking admission at the border." Petition ¶ 35. The Respondents disagree, arguing that, "[u]nder the plain language of § 1225(b)(2), the Government is required to detain all aliens, like [the] Petitioner, who are present in the United States without admission and are subject to removal proceedings—regardless of how long the alien has been in the United States or how far from the border they ventured." Response at 5.

This question—whether an alien who's lived in the United States unlawfully for years is an "applicant for admission" under § 1225—has divided the judges in our District. *Compare Morales v. Noem*, 2026 WL 236307, at *8 (S.D. Fla. Jan. 29, 2026) (Singhal, J.) ("Because Petitioner is present without admission, he is an 'applicant for admission' governed by section 1225."), *with Ardon-Quiroz v. Assistant Field Dir.*, 2025 WL 3451645, at *7 (S.D. Fla. Dec. 1, 2025) (Becerra, J.) (holding that a petitioner like ours was "governed by section 1226(a) and, therefore, . . . entitled to an individualized bond hearing"). And the Eleventh Circuit hasn't resolved this split—although two relevant appeals are pending in that court. *See Alvarez v. Warden,* No. 25-14065 (11th Cir.); *Perez v. Parra*, No. 25-14075 (11th Cir.).

The Fifth Circuit, however, *has* addressed this precise question in a recent (and thorough) opinion. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). In that case, the Fifth Circuit concluded that "[t]he text and context of § 1225 contradict[ed]" the Petitioner's position and held that aliens "present in the United States [that] [have] not been admitted" are unambiguously "applicants for admission within the meaning of § 1225(a)(1)." *Id.* at 502.

After careful review, we think the Fifth Circuit and our own Judge Singhal have the better view. *See generally ibid.*; *Morales*, 2026 WL 236307. The plain text of § 1225(a)(1) defines aliens, like our Petitioner, as "applicants for admission" notwithstanding their distance from the border or the time they've spent in the United States without admission. And, while the text of the statute resolves the question presented in our case, we also agree with the Fifth Circuit that the contrary view would yield some bizarre results. As the Fifth Circuit observed: "It seems strange to suggest that Congress would have preserved bond hearings exclusively for unlawful entrants." *Buenrostro-Mendez*, 166 F.4th at 508.

We thus conclude that the Petitioner is an "applicant for admission" and that his detention is governed by § 1225, which doesn't grant him the right to an individualized bond hearing. *See id.* at 502 ("Nor do the petitioners dispute that if § 1225(b)(2)(A) applies to them, it would require their detention without eligibility for bond. The statute unambiguously provides for mandatory detention. And neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings." (cleaned up)).[1]

## II.      The Petitioner's Detention Doesn't Violate Due Process

The Petitioner also raises procedural and substantive due-process claims. *See* Petition ¶¶ 54–57. "Because Petitioner's detention falls under §1226(a)," our Petitioner insists, "he is entitled to a prompt and meaningful bond hearing at which the Government bears the burden to justify continued detention by clear and convincing evidence." *Id.* ¶ 50. The Respondents' "refusal to conduct such a hearing," the Petitioner says, "violate[s] the Due Process Clause of the Fifth Amendment." *Ibid.* We

---

[1] We recognize that we've adopted what is currently the minority view among district courts. *See Beunrostro-Mendez*, 166 F.4th at 500 ("Since DHS began to detain unadmitted aliens under § 1225(b)(2)(A), well over a thousand aliens have filed habeas corpus petitions seeking bond hearings. In most of these cases, the district court found in favor of the petitioner."). Still, many judges across the country agree with the position we've taken here. *See, e.g., Uulu v. Warden*, 2026 WL 412204 (E.D. Cal. Feb. 13, 2026) (Shubb, J.); *Arana v. Arteta*, 2026 WL 279786 (S.D.N.Y. Feb. 3, 2026) (Woods, J.); *Lopez v. Dir. of Enf't & Removal Operations*, 2026 WL 261938 (M.D. Fla. Jan. 26, 2026) (Pratt, J.); *Gutierrez Sosa v. Holt*, 2026 WL 36344 (W.D. Okla. Jan. 6, 2026) (Wyrick, J.). And we think that number will grow once these cases reach the circuit courts.

reject this argument with little difficulty. The Supreme Court has already held that the government needn't conduct individualized bond hearings to determine an alien's flight risk and may detain aliens in removal proceedings to combat the risk of widespread flight. *See Demore v. Kim*, 538 U.S. 510, 528 (2003) (upholding § 1226(c)'s mandatory-detention scheme against a challenge that alien detainees had a due-process right to individualized bond hearings); *cf. Morales*, 2026 WL 236307, at *9 (rejecting a due-process claim in circumstances very similar to ours).

### III.    We Lack Jurisdiction Over the Petitioner's Removal from our District

Lastly, the Petitioner asks us to "[o]rder, under the All Writs Act, 28 U.S.C. § 1651, that Respondents not transfer Petitioner outside of the jurisdiction of the U.S. District Court for the Southern District of Florida during the pendency of this petition[.]" Petition at Prayer for Relief. The Respondents fail to respond to this request. *See generally* Response. But, as we've explained before, the Petitioner's request falls outside our jurisdiction.

Under 8 U.S.C. § 1252(a)(2)(B)(ii), "no court shall have jurisdiction to review . . . any decision or action of the Attorney General . . . the authority for which is specified under this subchapter to be in the discretion of the Attorney General[.]" And § 1231(g), which appears within the same subchapter, provides that "[t]he Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal." We therefore "lack jurisdiction to enjoin the [R]espondents from transferring [the Petitioner] to another facility." *Flores-Reyes v. Assistant Field Off. Dir.*, 2026 WL 406708, at *4 (S.D. Fla. Feb. 13, 2026) (Altman, J.) ("As other courts in our District (and across the country) have observed, '8 U.S.C. § 1252(a)(2)(B) and 8 U.S.C. § 1231(g)(1) strip the Court of jurisdiction to enjoin the government from transferring immigration detainees to other districts, as those decisions fall within the discretion of the Attorney General.'" (quoting *Boulos v. Dir., U.S. DHS ICE ERO Miami Field Off.*, 2025 WL 4092609, at *2 (S.D. Fla. Dec. 11, 2025) (Bloom, J.))); *see also Guerra-Castro v. Parra*, 2025 WL 1984300, at *2 (S.D. Fla. July 17, 2025) (Gayles, J.); *Calla-Collado*

*v. Att'y Gen. of the U.S.*, 663 F.3d 680, 685 (3d Cir. 2011) ("An alien is guaranteed the right to counsel and the right to present witnesses and evidence at his deportation proceedings. An alien, however, does not have the right to be detained where he believes his ability to obtain representation and present evidence would be most effective." (cleaned up)).

## CONCLUSION

After careful review, therefore, we **ORDER and ADJUDGE** as follows:

1. The Amended Petition for Writ of Habeas Corpus [ECF No. 4] is **DENIED**.

2. All pending deadlines are **TERMINATED**, and any pending motions are **DENIED as moot**. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on March 10, 2026.

_____

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

      Noticing INS Attorney
      Email: usafls-immigration@usdoj.gov